UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE TOSADO, AS ADMINISTRATOR AD PROSEQUENDUM FOR THE HEIRS AT LAW OF DECEDENT, NESTOR SEAN TOSADO, AND AS GENERAL ADMINISTRATOR OF THE ESTATE OF NESTOR SEAN TOSADO, DECEASED, AND INDIVIDUALLY<br><br>Plaintiffs,<br><br>v.<br><br>BOROUGH OF SPOTSWOOD, et. al.,<br><br>Defendants. | Civil Action No.: 05-5112(DRD)<br><br><br><br><br><br><br><br>**OPINION AND ORDER ON FORMAL MOTION** |

This matter having been opened to the Court upon Motion by Maria D. Noto, Esq., of the Law Office of Maria D. Noto, P.C., attorneys for Plaintiffs, seeking leave to file a Second Amended Complaint pursuant to FED.R.CIV.P. 15(a); and considering Defendants, CFG Health Systems' ("CFG") opposition; for the reasons set forth below the motion is hereby granted in part and denied in part

**I. PROCEDURAL HISTORY & FACTUAL BACKGROUND**

The allegations in this case are well known to the parties and will not be repeated here at length. The injury in question which was alleged to have been sustained by Plaintiff, Nestor Tosado, occurred on January 21, 2003. A Complaint was filed in the Superior Court of New Jersey, Law Division, Middlesex County and was later removed to this Court on October 25, 2005. When this matter was removed, the Third-Party Complaint against CFG by Warden Abode and the Middlesex County Department of Adult Corrections (hereinafter collectively referred to

as "MCDAC") was inadvertently omitted from the federal docket but was added by Court Order on March 23, 2006. At the time the state court matter was filed and subsequently removed to this Court, Plaintiffs were represented by Kenneth Weiner. At some point during his representation of Plaintiffs, Mr. Weiner was charged with a criminal offense and disbarred. Ms. Noto, new counsel for Plaintiffs, who appeared in this case on March 15, 2006, has indicated that she attempted to retrieve Plaintiffs' file from Mr. Weiner but was unsuccessful for quite some time.

The importance of locating Plaintiffs' file is two fold. First, the file is necessary to carry on the litigation in the best interests of Plaintiffs. Second, and most critical, there is indication on the record that MCDAC are impermissibly Defendants in this matter as no Tort Claims Notice was filed pursuant to the Federal Rules. Counsel for Plaintiffs has indicated that should a review of the file indicate that there was not, in fact, a Tort Claims Notice filed, MCDAC would be voluntarily dismissed from the suit. Accordingly, the Third-Party claims against CFG would be dismissed. It appears from Plaintiffs' submissions to this Court that they did not previously amend their Complaint to include a direct count against CFG because they were already in the suit.

In June, 2006, Magistrate Judge Wigenton, by way of an Amended Scheduling Order, permitted the parties to make amendments to the pleadings until October 15, 2006. Plaintiffs did not seek to amend the Complaint before this time.  Hence, Plaintiffs are seeking to amend the Complaint to add CFG, as well as "John Does", individual employees of CFG, as Defendants.

**II. DISCUSSION**

Although leave to amend the pleadings under *Fed.R.Civ.P.* 15(a) is generally given freely, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of the amendment". *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *Id.* Finally, in determining a motion to amend a complaint the Court looks only at the pleadings. *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau, Co., Inc.*, 106 F.Supp. 2d 761, 765 (D.N.J. 2000).

Plaintiffs argue that because CFG and certain employees' inclusion as Third-Party Defendants in this action already subjected them to liability based on the same claims and have been a party to this action since the filing of the Third-Party Complaint they would not face any prejudice if required to remain in the suit. Additionally, Plaintiffs argue that an unexpected disbarment of their previous attorney and problems resulting therefrom caused a delay that could not otherwise be prevented. Defendants respond that Plaintiffs engaged in undue delay and that the statute of limitations has run as to the individual Defendants. Moreover, Defendants assert that while CFG is a state actor for purposes of § 1983, CFG cannot be held vicariously liable for their employees' actions absent proof of a policy or custom that caused the alleged violation of *42 U.S.C.* § 1983

**A. CFG Health Systems**

Plaintiffs' Motion to Amend as to CFG Health Systems is not clearly futile, nor is it the result of undue delay, bad faith or dilatory motive on the part of Plaintiffs. Plaintiffs' previous counsel was unexpectedly and abruptly removed from the case due to a disbarment. This is not something Plaintiffs could have contemplated. Generally under such circumstances this Court would offer Plaintiffs more time to obtain new counsel and to have that new counsel become acquainted with the Court file. In this case, there was unfortunately, even more delay due to the fact that new counsel could not obtain the Court file to no fault of her own.

To complicate matters further, Plaintiffs believed that a Tort Claims Notice had been filed against MCDAC, by their original attorney, and therefore believed MCDAC would be a valid party to this cause of action. Flowing from that, Plaintiffs would have had no reason to believe that MCDAC would be released from the suit and in turn would justifiably believe that CFG would not be released from the suit. Notably, Ms. Noto has been counsel of record in this case since March 15, 2006. Presumably, on or near the time of her entry of appearance she read all of the pleadings including MCDAC's Answer which included an affirmative defense based on lack of Tort Claims Notice. It would have been wise at that stage in the litigation to undergo due diligence to determine whether or not a Tort Claims Notice had been properly filed. This may have lead to an earlier conclusion that there was potential for CFG to be dismissed as a party in this action and perhaps Plaintiffs would have sought to amend the Complaint to include a direct count against CFG at an earlier stage in the litigation.

While Plaintiffs could have sought an earlier amendment to the Complaint, this Court does not find that Plaintiffs' Motion is the result of undue delay, bad faith or dilatory motive. This Court is aware of CFG's argument that the Third-Party Complaint should have immediately put Plaintiffs on notice of possible direct claims against CFG. However, as previously noted, there was a changing of attorneys and a difficulty of obtaining the Plaintiffs' file that was of no fault of the Plaintiffs. Additionally, it appears as though Plaintiffs' previous counsel may have made serious errors in this matter including the failure to file a Tort Claims Notice or at least the failure to maintain proof of filing of same. This Court cannot hold Plaintiffs to the inefficiencies of Mr. Weiner and under the liberal standard governing the amendment of complaints cannot find that Plaintiffs Motion to Amend was the result of undue delay, bad faith or dilatory motive.

Plaintiffs' Motion to Amend also falls within the statute of limitations. "Where plaintiff

[is] amending her complaint to assert a claim directly against third-party defendant and where that claim arose out of the same occurrence as that brought by third-party plaintiff, the amendment relate[s] back to the original complaint, and plaintiff's claim against third-party defendant was not barred by the statute of limitations. *De Sisto v. Linden*, 193 A.2d 870, 1963 N.J. Super. LEXIS 351. Clearly, this is the case in this litigation.

      CFG also asserts that the amendment would be futile because the Plaintiffs are attempting to assert a *42 U.S.C. § 1983* claim against CFG and therefore, a dismissal would be appropriate because CFG is an entity that cannot be held liable for the actions of its employees under a theory of vicarious liability or respondeat superior. As previously stated when determining a Motion to Amend, the Court looks only at the pleadings. *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau, Co., Inc.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000)."To demonstrate that a claim is 'legally insufficient on its face,' and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that 'it appears beyond doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief.' *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974). There does not exist a sufficient factual or legal record on the vicarious liability matter in the pleadings at such time to render the claims against CFG and its employees futile. While Plaintiffs' Second Amended Complaint does not state with specificity how Plaintiffs will overcome a vicarious liability argument, in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must presume that all allegations in the complaint must be taken as true and viewed in the light most favorable to the complainant. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Because the Federal Rules of Civil Procedure require only notice pleading, the Complaint need only contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." *FED.R.CIV.P.* 8(a). A motion to dismiss should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

As precisely stated in CFG's letter brief in opposition to this motion, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In this case, Plaintiffs have alleged CFG had a contract with Middlesex County Department of Corrections and Middlesex County Department of Adult Corrections. More importantly, CFG, was one of the direct health care providers to Nestor Tosado. Additionally, CFG concedes that it should be considered a state actor for § 1983 purposes. The Second Amended Complaint alleges that CFG and its employees failed to provide Nestor Tosado with adequate care and did so intentionally, willfully or by negligent acts. While the language offered in the Second Amended Complaint is certainly not overly specific as to how Plaintiffs intend to overcome a vicarious liability or "state actor" defense, the Complaint is certainly plead with enough specificity to overcome a motion to dismiss. The Court has also considered that the Third-Party Complaint against CFG, specifically alleged that "any and all injuries and damages sustained by Plaintiff were the proximate result of the negligence of Third-Party Defendant, CFG Health Systems..." (*See* Third-Party Complaint of Middlesex County DOC and MCACC ). Therefore, Plaintiffs Second Amended Complaint, as to CFG would, at this juncture, withstand a motion to dismiss and therefore is not considered futile under the Motion to Amend the Complaint standard.

**B. "John Does"**

Plaintiffs' Motion to Amend the Complaint to add "John Doe" parties, i.e. named employees of CFG, must be considered under a more watchful eye than the Motion to add CFG in light of the fact that there is no party referenced in the previous pleadings that the "John Does" directly relate back to in the original pleadings. As CFG pointed out in their opposition papers this raises a concern about futility based on the statute of limitations.

"Through the fictitious party rule embodied in New Jersey R. 4:26-4, courts in New Jersey have permitted plaintiffs to avoid the statute of limitations where they are unable to ascertain the true name of the defendants during the limitations period." *Jordan v. Tapper*, 143 F.R.D. 575, 581 (D.N.J. 1992). R. 4:26-4, reads in relevant part:

> In any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient to identify him. Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name. . . .

*Id.* This rule allows the plaintiff to amend his complaint after the limitations period has run, even if the defendant did not have notice of the action within the statutory time limit. *Id.*; *See Viviano vs. CBS, Inc.*, 101 N. J. 538, 548 (1986). The seminal case on the application of R. 4:26-4 is *Farrell vs. Votator Div. of Chemetron Corp.*, 56 N. J. 111 (1973). A court will allow the plaintiff to amend his complaint after the statute of limitations has expired where justified upon a "proper balance of considerations of individual justice and repose. . . ." *Jordan v. Tapper*, 143 F.R.D. 575, 581 (D.N.J. 1992); citing *Farrell vs. Votator Div. of Chemetron Corp.*, 62 N. J. 111. Factors include the diligence with which plaintiff sought to identify the defendant, the speed with which the complaint was amended and the defendant served, the impact that passage of time has had on the ability to gather evidence, and any prejudice to the defendant. *Id.* At 581. Justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim; and the

absence of prejudice, reliance or unjustifiable delay, strengthens the conclusion that [the complaint may be amended . . . without any undue impairment of the two year limitation or the considerations of repose which underlie it. Id. at 582.

In the case at bar, there are no "John Does" named in any previous pleading which relate to CFG employees. Hence, there certainly can be no relation back to them and the *Jordan* standard would not apply. Therefore, Plaintiffs' motion is actually seeking to add wholly new Defendants in this matter. Those Defendants were not brought into this matter within the statute of limitations.

While it is clear, on its face, that the statute of limitations has run as to the CFG employees or "John Does" this Court will also apply the relation back doctrine as well to determine, if in the interest of justice, the "John Does" should be added to the Complaint. The Supreme Court has held that actions filed under § 1983, which do not contain a statute of limitations, are governed by the limitations period applicable to the state's personal injury claims. *See Rolax v. Whitman*, 175 F. Supp. 2d 720, 725 (2001). This Court and the parties are aware that a medical malpractice action or personal injury action in the state of New Jersey has a two (2) year statute of limitations. *N.J.S.A.* § 2A:14-2. The injury in this case occurred on January 21, 2003 meaning the statute of limitations would have run in January of 2005.

As stated above *Fed.R.Civ.P* 15(c) applies a stringent standard for a plaintiff seeking to relate back the joinder of a party. *Jordan v. Tapper*, 143 F.R.D. 575 (1992). In this context, the Supreme Court has held that an amendment adding a new party "relates back" to the original complaint only if four conditions are satisfied:

> (1) the basic claim must have arisen out of the conduct set forth in the original complaint; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed

limitations period.

*Schiavone vs. Fortune*, 477 U.S. 21, 29 (1986); *see Bechtel vs. Robinson*, 886 F.2d 644, 651 (3rd Cir. 1989). In 1991 Congress altered the *Schiavone* analysis by adopting an amended version of Rule 15(c). Rule 15(c) provides that

> An amendment of a pleading relates back to the date of the original pleading when:
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> >
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth in the original pleading, or
> >
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Under Rule 15(c), to add a name to a complaint, a plaintiff must satisfy both Rule 15(c)(2) and (c)(3). *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003). Therefore, the claim for which the plaintiff is seeking to add a defendant must relate back to the original claim, the party to be added received notice of the suit and would not be prejudiced in being joined, and the party added knew or should have known, but for a mistake, that he or she should have been a party in the action. *Id.*; *Singletary v. Penn.. Dep't. of Corrs.*, 266 F.3d 186, 189 (3d Cir. 2001).

New Jersey *R*. 4:26-4 expressly contemplates the filing of an amended complaint and thus allows a plaintiff faced with a time limitation to institute an action and thereafter, upon learning the true name of the "John Doe" defendant, to amend the complaint to specifically name the defendant; this rule allows the plaintiff to amend his complaint after the limitations period has run, even if the defendant did not have notice of the action within the statutory time limit, *See*

*generally*, *Cruz v. City of Camden*, 898 F. Supp. 1100, 1995 U.S. Dist. LEXIS 12222 (D.N.J. 1995).

Additionally, *Fed.R.Civ.P 15(c)* requires that the party to be added have notice of the suit within 120 days of the filing of the complaint. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 221 (3d Cir. 2003) ("The parties to be brought in by amendment must have received notice of the institution of the action within 120 days following the filing of the action, the period provided for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure"). "Notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary v. Penn. Dep't. of Corrs.*, 266 F.3d 186, 195 (3d Cir. 2001).

Therefore, it appears as though the statute of limitations has run as to any individual CFG employee whether known or unknown at the time the previous pleadings were filed.  More importantly, there are no "John Does" to relate the CFG employees back to. Further, in the Third-Party Complaint, in which we first see Defendant CFG, there is no "John Doe" pleading as to CFG employees. It must be noted that the individual employees of CFG should have and would have become aware of a possible complaint against them as a result of the litigation, by way of the Third-Party Complaint, against CFG. CFG is a party in this matter and certain discovery has occurred to date. It is not unimaginable that in order for CFG to defend the Third-Party Complaint and for Third-Party Plaintiff to litigate this matter generally, they would have to reach out to many of the individual CFG employees involved in the incident with Nestor Tosdao. It would also not be unimaginable for the individual CFG employees to be deposed or even be witnesses in this matter. These prospects, however, are insufficient to satisfy the notice

requirements under the relation back rule and as previously stated, there are no parties named in any of the previous pleadings to relate the new "John Does" back to. Therefore, Plaintiff's request to add "John Does", CFG employees, to the Complaint is hereby denied.

Finally, the Court has considered this matter pursuant to *Fed. R. Civ. P.* 78, and for good cause shown,

**IT IS** on this 31st day of January 2007,

**ORDERED** that Plaintiffs' Motion for leave to file a Second Amended Complaint is granted in part as to CFG Health Systems and denied in part as to CFG Health Systems's employees "John Does"; and it is further

**ORDERED** that Plaintiffs shall file their Second Amended Complaint by March 5, 2007, to be served on Defendants by April 5, 2007; and it is further

**ORDERED** that Plaintiffs shall notify the Court upon receipt of the new Defendants' Answer in order to schedule a status conference at which time discovery shall be addressed.

       **s/ Esther Salas**
       **HONORABLE ESTHER SALAS,**
       **United States Magistrate Judge**