# *Law Office of Maria D. Noto, P.C.*

*746 Highway 34, Suite 8*
*Matawan, New Jersey 07747*
**(732) 441-9546          (732) 441-9547 Fax**

*Maria DelGaizo Noto**                                                      **Of Counsel**
\*certified by the Supreme Court of New Jersey                    Gerard L. Del Tufo
  as a Criminal Trial Attorney
*Susan Hallander*

February 27, 2007

Clerk
U.S. District Court, District of New Jersey
M. L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:      Tosado v. Borough of Spotswood et als.**
**          Civil Action No. 05-5112 (DRD)**

Dear Sir or Madam:

          Attached please find for filing the Second Amended Complaint in this matter.

Very truly yours,

/S/

MARIA D. NOTO, ESQ.

MDN:cv
Enc.

**Maria Del Gaizo Noto, Esq.**
**LAW OFFICE OF MARIA D. NOTO**
**746 Highway 34, Suite 8**
**Matawan, New Jersey 07747**
Attorney for Plaintiffs

| | |
|---|---|
| Catherine Tosado, as Administrator Ad Prosequendum for the heirs at law of decedent, NESTOR SEAN TOSADO, and as General Administrator of the Estate of NESTOR SEAN TOSADO, Deceased, and individually, and Carmela Povlosky,<br><br>                                                    Plaintiff(s)<br><br>                            vs<br><br>Borough of Spotswood, Borough of Spotswood Police Department, Borough of Spotswood Police Officers William Desrosier, Lt. Michael S. Zarro, Sgt. Corbisiero, Det. Scheicher, Ptl. Genevese, Ptl. Hoover, Ptl. Pfeiffer, Ptl. Mayo, and John Doe Borough of Spotswood Police Officers I-VIII, Individually and as police officers of Borough of Spotswood, Police Chief Karl Martin as Police Chief of Borough of Spotswood,<br>                                                    Defendant(s)<br>                            and<br><br>Middlesex County Department of Corrections, Middlesex County Department of Adult Corrections Warden Abode and John Doe, Middlesex County Corrections Officers I-X,<br>            Defendant(s)/Third Party Plaintiff(s)<br><br>                    and/vs.<br><br>CFG HEALTH SYSTEMS, LLC,<br>            Defendant(s)/Third Party Defendant(s) | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br><br><br>**CIVIL ACTION NO. 05-5112 (DRD)**<br><br><br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs, Catherine Tosado Administrator Ad Prosequendum of The Estate of Nestor Sean Tosado, residing at 47 Evergreen Terrace, Monroe Township, New Jersey 08831, and General Administrator for the Estate of Nestor Sean Tosado, and Catherine Tosado Individually and Plaintiff Carmella Povlosky by way of Complaint against the Defendants says:

1.      Defendants are public entities of the State of New Jersey and subject to suit under the Tort Claims Act N.J.S.A. 59:1, et seq.  Upon information and belief proper notice has been given to the Township pursuant to N.J.S.A. 59:8-1 by plaintiff's previous attorney, Kenneth Weiner, Esq.

2.      The death of NESTOR SEAN TOSADO was caused wholly or in part by the willful, wanton, reckless, malicious, careless and negligent conduct of defendants and in violation of state and local laws, statutes, ordinances, rules, regulations and codes  as stated below all in disregard for the rights of another as described in the following Counts.

3.      As a direct and proximate result of the acts and/or omissions of defendants described below, plaintiff's decedent, NESTER SEAN TOSADO, sustained severe personal and emotional injuries and endured great pain and suffering resulting in his death.

4.      At the time of the death, there was in effect, in the State of New Jersey, a Survival Statute, N.J.S.A. 2A:15-3, and plaintiff, as Administrator of the Estate of NESTOR SEAN TOSADO, deceased, brings a survival action pursuant to the provisions thereof for damages of any kind and type recoverable under the Survival Statute, including but not limited to punitive damages.

5.      Letters of Administration have been issued to plaintiff and she is empowered and authorized to bring a survival actions pursuant to N.J.S.A. 2A:15-3.

6.      At the time of the death set forth above, there was in effect in the State of New Jersey, a Death Statute, N.J.S.A. 2A:31-1, et seq. and plaintiff, as Administrator Ad Prosequendum for the heirs-at-law of NESTOR SEAN TOSADO, deceased brings this action pursuant to the provisions thereof for the benefit of the next of kin of the decedent.

7.      Letters of Administration Ad Prosequendum for NESTER SEAN TOSADO were granted to plaintiff and she is authorized and empowered to bring a wrongful death action pursuant to N.J.S.A. 2A:31-2.

8.      Upon the death of the decedent, he is survived by plaintiff, Catherine Tosado, Lisa Tosado, his sister, and Kyle Jacob Tosado, his son, all of whom sustained pecuniary losses resulting from his death and are deprived of the love, comfort, companionship, advice and assistance of the decedent.

9.      The action has commenced within two years of the death of NESTER SEAN TOSADO.

**FIRST COUNT**

1.      NESTOR SEAN TOSADO, died intestate on January 21, 2003, and at the time of death was residing at 47 Evergreen Terrace, Monroe Township, Middlesex County, New Jersey and State of New Jersey.  He was 24 years old at the time of his death.

2.      NESTOR SEAN TOSADO is survived by his mother, CATHERINE TOSADO, General Administrator and Administrator Ad Prosequendum of his Estate, his sister LISA TOSADO and his son, KYLE JACOB TOSADO.

3.      Plaintiff Carmella Povlosky resides at 289 Main Street, Apartment #11, Spotswood, New Jersey 08884 and is the aunt of decedent NESTER SEAN TOSADO.

4.      Defendant, Police Officer William Desrosier, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

5.   Defendant, Lt. Michael S. Zarro, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

6.   Defendant, Sgt. Corbisiero, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

7.   Defendant, Det. Scheicher, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

8.   Defendant, Ptl. Genevese, is and at all times relevant hereto, a citizen of the

State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

9.      Defendant, Ptl. Hoover, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

10.     Defendant, Ptl. Pfeiffer, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

11.     Defendant, Ptl. Mayo, is and at all times relevant hereto, a citizen of the State of New Jersey and was an officer of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agent, servant, and employee of the defendant, Borough of Spotswood, State of New Jersey.  He is sued individually and in his official capacity.

12.     Defendants, John Doe I to VIII, whose identity are as yet unknown to plaintiffs are and were at all times relevant hereto, a citizens of the State of New Jersey, and officers of the Borough of Spotswood Police Department, State of New Jersey, acting in such capacity as the agents, servants and employees of the defendant, Borough of

Spotswood, State of New Jersey.  They are sued individually and in their official capacity.

13. Defendant, Police Chief Karl Martin, is and was at all times relevant hereto a citizen of the State of New Jersey, and Chief of Police of the Borough of Spotswood, State of New Jersey.  As such, he was the commanding officer of the aforementioned defendant officers and was responsible for their training and conduct.  He is also responsible for enforcing the regulations of the Borough of Spotswood Police Department, and for ensuring that the Borough of Spotswood police officers obey the laws and Constitution of the United States.  Furthermore, he was responsible for ensuring that only individuals who were morally and mentally fit to be police officers were hired by the Borough of Spotswood, and that such individuals who were found, after they were hired, to be unfit for service as police officers, be properly dismissed.  He is sued individually and in his official capacity.

14. Defendants, John Doe, Corrections Officers whose identity are as yet unknown to plaintiff, are and were at all times relevant hereto, citizens of the State of New Jersey, and officers of the Middlesex County Department of Adult Corrections, Middlesex County. They are sued individually and in their official capacity.

15. Defendant, Middlesex County Department of Adult Corrections Warden Abode was a citizen of the State of New Jersey, and the Warden of the Middlesex County Department of Adult Corrections, State of New Jersey at the time of the death of NESTOR SEAN TOSADO.  As such, he was the commanding officer of the Middlesex County Department of Adult Corrections and was responsible for their training and conduct.   He is sued individually and in his official capacity.

7

16. At all times material to this Complaint, defendants, Borough of Spotswood Police Department, Borough of Spotswood Police Officers Willliam Desrosier, Lt. Michael S. Zarro, Sgt. Corbisiero, Det. Scheicher, Ptl. Genevese and Ptl. Hoover, Ptl. Pfeiffer, Ptl. Mayo and John Doe Borough of Spotswood Police Officers I-VIII acted under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New Jersey, Borough of Spotswood and Borough of Spotswood Police Department.

17. The defendant, Borough of Spotswood, is duly incorporated under the Laws of the State of New Jersey.  At all times relevant hereto, it employed the aforementioned defendants.

18. At all times material to this complaint defendants Middlesex County Department of Corrections, Middlesex County Warden Abode and Middlesex County Corrections Officers John Doe I - X acted under color of law, to wit; under color of statutes ordinances, regulations, policies, customs and usages of the State of New Jersey and Middlesex County Department of Adult Corrections.

19. On January 20, 2003, plaintiff's decedent NESTOR SEAN TOSADO Was driving his vehicle when he was stopped by Police Officers of the Borough of Spotswood.  Mr. Tosado's person and vehicle were illegally searched in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the New Jersey Constitution.  Mr. Tosado was verbally and physically abused and threatened by defendant police officers at that time.

20. In fear for his life, Mr. Tosado ran from defendant police officers and hid in the home of his aunt Carmella Povlosky.

21. Defendant Borough of Spotswood police officers went to the home of decedent's aunt, verbally and physically abused her, forcefully entered the home without a warrant and without consent, searched the home and found the terrified NESTOR SEAN TOSADO who they then proceeded to kick, punch, use pepper mace and brutally beat causing serious physical and emotional injuries.  When Mrs. Povlosky asked the officers why they were beating NESTER SEAN TOSADO, they arrested her and falsely charged her with criminal offenses.

22. Plaintiff's decedent, NESTOR SEAN TOSADO was then falsely charged with resisting arrest and brought to the Borough of Spotswood Police Department where the verbal and physical abuse continued and where Tosado was denied medical care for his injuries.

23. On January 20, 2003 or January 21, 2003 plaintiff's decedent Tosado was Brought to the Middlesex County Department of Corrections and was intentionally and/or negligently denied medical and psychiatric care and intentionally and/or negligently left unsupervised in severe physical and emotional distress.

24. Defendants' actions, conducted either knowingly, intentionally, maliciously, or with reckless disregard, deprived decedent Tosado and Plaintiff Povlosky of their civil rights.  Their actions denied decedent Tosado and Plaintiff Povlosky their right to be free from false arrest, unlawful detainer, assault, excessive force and cruel and unusual punishment.

25. The false arrest and imprisonment, and assault and failure to furnish

medical and psychiatric care to Tosado by defendants constituted overt acts in furtherance of a conspiracy between said defendants to deprive Plaintiff's decedent of his civil rights.

26. The said conspiracy and acts in furtherance thereof were in direct violation of 42 U.S.C. Section 1985, depriving Plaintiff's decedent of his civil rights secured to him by the Constitution of the United States under the provisions of his Fourth, Fifth, Eighth and Fourteenth Amendments.

27. At all times herein mentioned, Defendants were acting under the color of state law.

28. Defendants subjected Plaintiff's decedent to the deprivation of his civil rights knowingly, intentionally, or maliciously.  For this reason, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiffs CATHERINE TOSADO and CARMELLA POVLOSKY, demand judgment against Defendants, jointly and severally, individually, and in their official capacities, for statutory damages, nominal damages, compensatory damages, punitive damages, counsel fees, costs of suit, and for such other relief, as the Court may deem equitable and just.

## SECOND COUNT

1.      On or about January 20, 2003, upon information and belief, Plaintiff's decedent NESTOR SEAN TOSADO, was searched, arrested and detained by the aforementioned police officers of the Borough of Spotswood Police Department.

2.      Said search, arrest and detention was illegal and in violation of the United

States Constitution and the New Jersey Constitution.

3.      Defendant police officers were acting under Color of Law.

4.      As a result of said illegal search, detention and arrest decedent NESTOR

SEAN TOSADO was deprived of his civil rights pursuant to 42 U.S.C. 1983 et seq.

WHEREFORE, decedent's Plaintiffs, Administrator, Catherine Tosado and

Carmella Povlosky demand judgment against defendants, jointly and severally,

individually and in their official capacities, for nominal damages, compensatory

damages, punitive damages, attorneys' fees, costs of suit, and for such other relief as the

Court deems just and equitable pursuant to 42 U.S.C. Section 1988 and state law.


### THIRD COUNT

1.      Plaintiff repeats and re-alleges each and every allegation in the first and

second counts of the Complaint herein in its entirely as though fully set forth herein.

2.      Defendant Borough of Spotswood Police Officers, Willliam Desrosier, Lt.

Michael S. Zarro, Sgt. Corbisiero, Det. Scheicher and Ptl. Genevese and John Doe

Borough of Spotswood Police Officers I-VIII, acting under Color of Law brutally

punched, kicked, hit and sprayed decedent NESTOR SEAN TOSADO with pepper mace

without legal or just cause on January 20, 2003 and January 21, 2003.

3.      Decedent NESTER SEAN TOSADO was denied the right to be free from

physical violence and abuse guaranteed by the United States Constitution and the New

Jersey Constitution.

4.      As a result of said assault, decedent, NESTOR SEAN TOSADO, was

caused to sustain severe bodily injury and severe emotional distress, resulting in his death on January 21, 2003.  Additionally, the decedent was denied medical and psychiatric assistance in violation of the New Jersey Constitution and the United States Constitution.

5.     The acts, conduct and behavior of the above-named defendants were performed knowingly, intentionally and maliciously by reason of which plaintiff is entitled to an award of punitive damages, jointly and severally against said defendants.

WHEREFORE, Plaintiff, CATHERINE TOSADO, demands judgment against defendants, jointly and severally, individually and in their official capacities, for nominal damages, compensatory damages, punitive damages, attorneys' fees, costs of suit, and for such other relief as the Court deems just and equitable.

<u>**FOURTH COUNT**</u>

1.     On or about January 20, 2003 Plaintiff Carmella Povlosky's home was forcefully entered without a warrant by the Defendant Borough of Spotswood Police Officers, William Desrosier, Lt. Michael S. Zarro, Sgt. Corbisiero, Det. Scheicher, Ptl. Genevese and Ptl. Hoover and John Doe Borough of Spotswood Police Officers I-VIII acting under Color of Law.

2.     Said aforementioned police officers pushed Ms. Povlosky, searched her home and then illegally and maliciously charged her with false criminal charges and arrested her.

3.     Those false criminal charges were later dismissed in the Borough of Spotswood Municipal Court.

4.     As a result of the actions of Defendant Police Officers Plaintiff Povlosky

was denied her civil rights pursuant to 42 U.S.C. 1983 et seq. including the right to be

free from illegal search and entry, assault, false arrest and detention and malicious

prosecution in violation of the New Jersey Constitution and the United States

Constitution.

    WHEREFORE, Plaintiff, CARMELLA POVLOSKY, demands judgment

against defendants, jointly and severally, individually and in their official capacities, for

nominal damages, compensatory damages, punitive damages, attorneys' fees, costs of

suit, and for such other relief as the Court deems just and equitable

## FIFTH COUNT

  1.  Plaintiff repeats and re-alleges each and every allegation in the Preceding

Count of the Complaint herein in its entirely as though fully set forth herein.

  2.  On or about January 20, 2003 and January 21, 2003 decedent NESTOR

SEAN TOSADO was incarcerated in the Middlesex County Department of Adult

Correction.

  3.  Decedent NESTOR SEAN TOSADO was intentionally and/or negligently

denied medical and psychiatric aid for his physical and emotional injuries by defendant

Middlesex County Department of Corrections, Warden Abode and defendants Middlesex

County Corrections Officers and the Middlesex County Department of Corrections.  Said

intentional and/or negligent conduct of defendants acting under Color of Law was a

violation of decedent's rights under the New Jersey Constitution and the U.S.

Constitution including the Fourteenth, Fourth and Eighth Amendments to the United

States Constitution pursuant to 42 U.S.C. 1983 et seq. and was the proximate cause of the death of decedent NESTOR SEAN TOSADO.

WHEREFORE, Plaintiff, CATHERINE TOSADO, demands justment against defendants, jointly and severally, individually and in their official capacities, for nominal damages compensatory damages, punitive damages, attorneys' fees, costs of suit, and for such other relief, as the Court deems just and equitable.

## SIXTH COUNT

1.      Plaintiffs repeat and re-allege each and every allegation in the first, second, third, fourth and fifth counts of the Complaint herein in its entirely as though fully set forth herein.

2.      Upon information and belief, defendants the Police Department of the Borough of Spotswood and the Police Chief Karl Martin of the Borough of Spotswood promulgated policies and procedures, which directly led to the visitation of the Constitutional deprivations, set forth in the preceding Counts of the Complaint.  In addition or in the alternative, upon information and belief, the Constitutional deprivations set forth in the preceding Counts of the Complaint were the result of a custom or usage of which these defendants had knowledge.  In addition or in the alternative, upon information and belief, the Constitutional deprivations set forth in the preceding Counts of the Complaint were the result of a failure to act on the part of these defendants which evidenced a deliberate indifference to the Constitutional rights of the deceased.

3.      Upon information and belief, the above named defendants have accordingly violated 42 U.S.C. sections 1983, 1985(3) and 1986.

WHEREFORE, plaintiffs demand judgment against defendants jointly and
severally for nominal damages, compensatory damages, punitive damages, attorney's
fees pursuant to 42 U.S.C. Section 1988 and State law, costs of suit, and any other relief
as the Court may deem just and equitable.

## SEVENTH COUNT

1.      Plaintiff Tosado repeats and re-alleges each and every allegation in the
first, second, third, fourth, fifth and sixth counts of the Complaint herein in its entirely as
though fully set forth herein.

2.      Upon information and belief, defendants the Middlesex County
Corrections promulgated policies and procedures, which directly led to the visitation of
the Constitutional deprivations, set forth in the preceding Counts of the Complaint.  In
addition or in the alternative, upon information and belief, the Constitutional deprivations
set forth in the preceding Counts of the Complaint were the result of a custom or usage of
which these defendants had knowledge.  In addition or in the alternative, upon
information and belief, the Constitutional deprivations set forth in the preceding Counts
of the Complaint were the result of a failure to act on the part of these defendants which
evidenced a deliberate indifference to the Constitutional rights of the deceased.

4.      Upon information and belief, the above named defendants have
accordingly violated 42 U.S.C. sections 1983, 1985(3) and 1986.

WHEREFORE, plaintiff demands judgment against defendants jointly and
severally for nominal damages, compensatory damages, punitive damages, attorney's

fees pursuant to 42 U.S.C. Section 1988 and State law, costs of suit, and any other relief as the Court may deem just and equitable.

## EIGHTH COUNT

1.     Plaintiffs Tosado and Povlosky repeat and re-allege each and every allegation in the first, second, third, fourth, fifth, sixth and seventh counts of the Complaint herein in its entirely as though fully set forth herein.

2.     Upon information and belief, defendant Karl Martin, Individually and as Police Chief of the Borough of Spotswood Police Department acquiesced in the Constitutional deprivations set forth in the preceding Counts of the Complaint.  In addition or in the alternative, upon information and belief, the Constitutional deprivations set forth in the preceding Counts of the Complaint were the result of a custom or usage of which these defendants had knowledge.  In addition or in the alternative, upon information and belief, the Constitutional deprivations set forth in the preceding Counts of the Complaint were the result of a failure to act on the part of these defendants which evidenced a deliberate indifference to the Constitutional rights of the deceased.

5.     Upon information and belief, the above named defendants have accordingly violated 42 U.S.C. sections 1983, 1985(3) and 1986.

WHEREFORE, plaintiffs demand judgment against defendants jointly and severally for nominal damages, compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. Section 1988 and State law, costs of suit, and any other relief as the Court may deem just and equitable.

## NINTH COUNT

1.      Plaintiff Tosado repeats and re-alleges each and every allegation in the first, second, third, fourth, fifth, sixth, seventh and eighth counts of the Complaint herein in its entirely as though fully set forth herein.

2.      Upon information and belief, Warden Abode, Individually and as the Warden of the Middlesex County Department of Corrections, County of Middlesex acquiesced in the Constitutional deprivations, set forth in the preceding Counts of the Complaint.  In addition or in the alternative, upon information and belief, the Constitutional deprivations set forth in the preceding Counts of the Complaint were the result of a custom or usage of which these defendants had knowledge.  In addition or in the alternative, upon information and belief, the Constitutional deprivations set forth in the preceding Counts of the Complaint were the result of a failure to act on the part of these defendants which evidenced a deliberate indifference to the Constitutional rights of the deceased.

6.      Upon information and belief, the above named defendants have accordingly violated 42 U.S.C. sections 1983, 1985(3) and 1986.

WHEREFORE, plaintiff Tosado demands judgment against defendants jointly and severally for nominal damages, compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. Section 1988 and State law, costs of suit, and any other relief as the Court may deem just and equitable.

## TENTH COUNT

1.      Plaintiffs Tosado and Povlosky repeat and re-allege each and every

allegation of the first, second, third, fourth, fifth, sixth, seventh, eight and ninth counts of the Complaint as if set forth in their entirety herein.

2.       Under the doctrine of *Respondeat Superior,* Defendants, Borough of Spotswood, Police Department of the Borough of Spotswood, Karl Martin, Police Chief of the Police Department of the Borough of Spotswood, Middlesex County Department of Corrections and Warden Abode are responsible for the negligent acts of their Defendant Employees committed, as here, in the course and scope of employment with the Police Department of the Borough of Spotswood and the Middlesex County Department of Corrections.

WHEREFORE, Plaintiff CATHERINE TOSADO and CARMELLA POVLOSKY, demand judgment against Defendants, jointly and severally, individually and in their official capacities, for statutory damages, nominal damages, compensatory damages, punitive damages, counsel fees, costs of suit, and for such other relief as the Court deems equitable and just.

## ELEVENTH COUNT

1.       Plaintiffs Tosado and Povlosky repeat and re-allege each and every allegation of the first, second, third, fourth, fifth, sixth, seventh, eight, ninth, and tenth counts of the Complaint as if fully set forth herein.

2.       At all relevant times mentioned herein, Defendants Police Officers Willliam Desrosier, Lt. Michael S. Zarro, Sgt. Corbisiero, Det. Scheicher, Ptl. Genevese, Ptl. Hoover, Ptl. Pfeiffer, Ptl. Mayo, and John Doe Borough of Spotswood Police Officers I-VIII, were employed by Defendant Police Department of the Borough of

Spotswood and Defendant Police Department of the Borough of Spotswood, were acting under the direction and control of Defendant, Karl Martin, Chief of Police of the Police Department of the Borough of Spotswood and as agents, servants, and employees of the Defendant Borough of Spotswood, Defendant Police Department of the Borough of Spotswood.

3.      Acting under the color of law, the aforementioned Defendants failed to instruct, supervise, control, and discipline on a continuing basis subordinate police officers under their direction and control to refrain from the following conduct:

a.      Unlawfully assault and falsely harass citizens who are acting in accordance with their Constitutional and statutory rights, privileges, and immunities;

b.      Violate the rights, privileges, and immunities guaranteed to a citizen by the laws and Constitution of the United States and by the provisions of 42 U.S.C. Section 1983.

4.      Defendants Karl Martin, Chief of Police of the Borough of Spotswood, Police Department of the Borough of Spotswood, the Borough of Spotswood should have performed their duties to properly instruct, supervise, control, and discipline Defendant Borough of Spotswood police officers.  Defendants named herein had the authority and the power to prevent, or to aid in the preventing the wrongs done to Plaintiff's decedent and Plaintiff Povlosky and could have done so by the exercise of reasonable diligence, but they failed, neglected or refused to do so.

WHEREFORE, Plaintiff CATHERINE TOSADO, demands judgment against Defendants, jointly and severally, individually and in their official capacities, for

statutory damages, nominal damages, compensatory damages, punitive damages, counsel

fees, costs of suit, and for such other relief as the Court deems equitable and just.

## TWELFTH COUNT

1.   Plaintiff repeats and re-alleges each and every allegation of the first,

second, third, fourth, fifth, sixth, seventh, eight, ninth and tenth counts of the Complaint

as if fully set forth herein.

2.      At all relevant times mentioned herein, Defendants Middlesex County

Corrections Officers and the Middlesex County Department of Corrections

were acting under the direction and control of Warden Abode of the Middlesex County

Department of Corrections and as agents, servants, and employees of the Defendant

Middlesex County Department of Corrections.

3.      Acting under the color of law, the aforementioned Defendants failed to

instruct, supervise, control, and discipline on a continuing basis subordinate police

officers under their direction and control to refrain from the following conduct:

    a.   Unlawfully assault and falsely harass citizens who are acting in

        accordance with their Constitutional and statutory rights, privileges,

        and immunities;

    b.   Violate the rights, privileges, and immunities guaranteed to a citizen

        by the laws and Constitution of the United States and by the provisions

        of 42 U.S.C. Section 1983.

4.      Defendants Warden Abode, of the Middlesex County Department of

Corrections, and Middlesex County Department of Corrections should have performed

their duties to properly instruct, supervise, control, and discipline Defendants Middlesex

County Corrections Officers.    Defendants named herein had the authority and the power

to prevent, or to aid in the preventing the wrongs done to Plaintiff's decedent and could

have done so by the exercise of reasonable diligence, but they failed, neglected or refused

to do so.

WHEREFORE, Plaintiff CATHERINE TOSADO, demands judgment against

Defendants, jointly and severally, individually and in their official capacities, for

statutory damages, nominal damages, compensatory damages, punitive damages, counsel

fees, costs of suit, and for such other relief as the Court deems equitable and just.

## THIRTEENTH COUNT

1.          Plaintiff repeats and re-alleges each and every allegation of the

first, second, third, fourth, fifth, sixth, seventh, eight, ninth, tenth, eleventh and twelfth

counts of the Complaint as if fully set forth herein.

2.          Defendant, CFG Health Systems, LLC had a contract with

Defendant Middlesex County Department of Corrections and Middlesex County

Department of Adult Corrections Warden Abode to evaluate and provide proper medical

and psychiatric care to the inmates.

3.          Defendant CFG Health Systems, LLC with reasonable diligence,

could have provided Nestor Tosado with adequate medical and psychiatric care and had a

duty to provide him with such care.  Their intentional and/or willful, wanton or negligent

failure to provide adequate medical care led to great physical and mental suffering and

was the proximate cause of the death of decedent NESTOR SEAN TOSADO.

4.          Under the doctrines of Respondent Superior and Vicarious

 Liability, Defendant, CFG Health Systems, LLC is responsible for the willful, wanton, reckless, malicious, careless and negligent acts and omissions of its employees and assigns, committed, as here, in the course and scope of employment for CFG Health Systems which was operating under contract with the Middlesex County Department of Corrections.

WHEREFORE, Plaintiff CATHERINE TOSADO, demands judgment against Defendants, jointly and severally for statutory damages, nominal damages, compensatory damages, punitive damages, counsel fees, costs of suit, and for such other relief as the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury as to all issues.

LAW OFFICE OF MARIA D. NOTO, P.C.
Attorney for Plaintiffs


By:_____/S/_____

Dated: February 27, 2007                    MARIA DELGAIZO NOTO